CARROLL, Judge
(dissenting).
With due deference to the views expressed by my colleagues, I am unable to agree with the ruling of the majority, and respectfully dissent.
In reversing the order of the trial court, the majority necessarily construed this one year policy of insurance on a race horse as providing that the coverage extends to liability for death of an insured horse which occurs after the expiration of the policy, if the subsequent death results from an illness or accident suffered by the horse during the policy term for which the horse properly could have been destroyed during the term. With that construction of the policy I disagree, because upon examining the language of the insurance policy it seems clear that the coverage provided was for a death occurring during the term of the policy, plus sixty days, resulting from an illness or accident.
The policy was in effect for one year, from March 7, 1968, to March 7, 1969. The horse suffered an accidental injury on September 11, 1968, approximately six months before the end of the term of the policy. The nature of the injury was such, as alleged, that when the insurer was notified thereof and investigated the same it “conceded” the horse should be destroyed for humane reasons. If the owner had shared that view, and had acted thereon and caused the horse to be destroyed, during the term of the policy, he would have been entitled to receive the $12,000 for which the life of the horse was insured. Instead, the owner had the horse treated to repair the injury, and the horse appeared to have recovered, until September 27, 1969, on which date the horse suffered another injury, allegedly resulting from the first injury, and for which it then was destroyed. Thus the death of the horse occurred approximately one year after the first injury, and six months after the expiration of the term of the policy.
*139 This insurance policy was for a fixed term. It insured against death of the horse from illness or accident, or from intentional destruction of the animal for humane reasons necessitated thereby. If the meaning of the policy as insuring against death of a horse only when such death occurred within the term was not sufficiently clear from the main coverage clause and because of the limited term of the policy, any doubt or ambiguity in that regard was removed by the provision for extension of the coverage for sixty days after the one year term. Thereby the insurer agreed to extend its liability to include a death occurring within sixty days after the expiration of the one year term of the policy, resulting from an illness or accident suffered during the policy term. The language and import of that extension clause are such as to preclude an argument that the main coverage clause of the policy provided coverage for a death occurring any time after the term of the policy, if such subsequent death resulted from an illness or injury suffered during the term. Moreover, it is obvious that unless the coverage provided for in the policy was limited to a death occurring during the term, there was no reason or purpose for the sixty day extension clause, and the inclusion of such clause in the policy would have been pointless.
The plight of the plaintiff owner in the circumstances disclosed invites sympathy, and makes this a hard case in which to deny recovery. But in my opinion a decision holding that the complaint states a case for recovery for the death of a horse which occurred six months after the expiration of the term of the policy, is not in accordance with the provisions of the insurance contract, and calls to mind the saying that hard cases make bad law.
I regard the dismissal of the complaint by the trial court to have been a ruling that was necessitated by the terms of the insurance policy as applied to the facts alleged, and I dissent from this court’s reversal of the judgment of the trial court.